UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
JULIO TORRES,

                        Plaintiff,

-against-

TRIPLE A SUPPLIES, INC.,

                        Defendant.
------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, JULIO TORRES, by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendant as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"); the Family Medical Leave Act ("FMLA"); the New York State Human Rights Law, New York State Executive Law § 296, et seq. ("NYSHRL"); and seeks damages to redress the injuries he suffered as a result of being **discriminated and retaliated** against on the basis of his **actual and/or perceived disabilities (Herniated Disk)**.

### JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12101, et seq., and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

1

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated April 24, 2024, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as **Exhibit "A"**.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff JULIO TORRES ("Plaintiff") is male and a resident of the State of New York.

9. That at all times relevant hereto, Defendant TRIPLE A, INC. ("TRIPLE A") was and is a for-profit corporation existing pursuant to, and by virtue of, the laws of the State of New York.

10. Defendant TRIPLE A operates a location at 50 Jeanne Drive, Newburgh, NY 12550 where the discriminatory conduct took place.

11. Upon information and belief, Defendant TRIPLE A employs at least fifteen or more employees.

12. That at all times relevant hereto, Plaintiff was an employee of Defendant TRIPLE A.

## MATERIAL FACTS

13. On or about September 2008, Defendant hired Plaintiff as a "Supervisor" at Defendant's location at 5 Peppermint Lane, Newburgh, NY 12550.

14. As a Supervisor, Plaintiff's duties included but were not limited to overseeing shipping and receiving, packaging shipments, selecting orders, wrapping pallets, loading and unloading trucks, and operating a box truck.

15. At all times relevant, Plaintiff was qualified to do his job and able to perform the duties of his employment with a reasonable accommodation.

## Plaintiff's Discrimination Claims

16. On or about October 2, 2022, Plaintiff was a victim of a very serious car accident.

17. Due to the injuries sustained in said accident, Plaintiff was and is suffering from a Herniated Disk in his back in addition to other back and neck trauma, which intermittently caused and causes him excruciating and debilitating pain.

18. On or about October 3, 2022, Plaintiff requested medical leave as an accommodation.

19. On or about October 3, 2022, Plaintiff received and submitted a medical note from his doctor recommending a continuous medical leave from October 3, 2022 until December 1, 2022, in order to undergo multiple treatments due to his Herniated Disk.

20. Plaintiff's request was granted and he received no additional requests for documentation from Defendant.

21. On or about the beginning of November of 2022, Plaintiff was contacted by human resources Kathy Meyers and was informed that he was terminated due to job abandonment and that his job could no longer stay open for him.

22. Plaintiff was shocked and confused by this abrupt termination by his long-term employer.

23. Plaintiff realized that Defendant would not attempt to accommodate Plaintiff's disabilities, perceived his disabilities as an inconvenience, and had effectively terminated him so they would not have to provide him with any further reasonable accommodations.

24. Defendant failed to engage in the interactive process and cooperative dialogue.

25. Defendant terminated Plaintiff because of his actual and/or perceived disabilities (Herniated Disk).

26. Defendant terminated Plaintiff in retaliation for his requests for reasonable accommodations.

27. Defendant terminated Plaintiff so they would not have to grant him any accommodations on the basis of his disabilities.

28. As a result of Defendant's actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

29. As a result of the acts and conduct complained of herein, Plaintiff has suffered the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

30. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

32. Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended, as these titles appear in volume 42 of the United States Code, beginning at Section 12101.

33. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112 "Discrimination" states:

> "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or **discharge** of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

34. Defendant engaged in an unlawful discriminatory practice by discriminating against

4

Plaintiff because of his actual and/or perceived disability (**Herniated Disk**).

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

35. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

36. The ADA prohibits retaliation, interference, coercion, or intimidation.

37. 42 U.S.C. § 12203 provides:

> a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

38. Defendant violated this section as set forth herein by retaliating, and otherwise discriminating against the Plaintiff because he opposed Defendant's unlawful employment actions and because he requested and/or needed a reasonable accommodation.

## AS A THIRD CAUSE OF ACTION UNDER THE NEW YORK STATE EXECUTIVE LAW

39. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

40. The New York State Executive Law § 296(1)(a) provides that,

> It shall be an unlawful discriminatory practice: For an employer . . . because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such

individual in compensation or in terms, conditions or privileges of employment.

41. Defendant engaged in an unlawful discriminatory practice in violation of the New York State Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his actual and/or perceived disability (**Herniated Disk**).

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

42. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

43. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

44. Defendant engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's engagement in an activity protected under this law.

## AS A FIFTH CAUSE OF ACTION UNDER THE FAMILY AND MEDICAL LEAVE ACT

1. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

2. § 2615 of the Act states as follows:

3. Prohibited acts

    a. Interference with rights

      i. Exercise of rights

         1. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

      (2) Discrimination

         2. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

4. Defendant interfered with Plaintiffs rights under the above sections, discriminated against Plaintiff, and terminated Plaintiff from his employment to interfere with his ability to take leave under the FMLA.

## JURY DEMAND

45. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the <u>Americans with Disabilities Act of 1990; the Family Medical Leave Act</u> ("FMLA"), the New York State Human Rights Law, New York State Executive Law § 296, et seq. ("NYSHRL"); in that Defendant discriminated, and retaliated against Plaintiff on the basis of his disability, whether actual and/or perceived;

B. Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff damages for the amount of unpaid compensation, liquidated damages and for any improper deductions or credits taken against wages as applicable;

E.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
July 23, 2024

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**

By: _____
Melissa Vo, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
mvo@tpglaws.com

8

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/24/2024

To: Julio Torres
C/O Melissa Vo 45 Broadway, Suite 430
New York, NY 10006
Charge No: 520-2023-06381

EEOC Representative and email:   GWENDOLYN HOY
Enforcement Manager
gwendolyn.hoy@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 520-2023-06381.

On behalf of the Commission,

Digitally Signed By: Yaw Gyebi, Jr.
04/24/2024
Yaw Gyebi, Jr.
District Director